IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MIGUEL ROBERTO HETZER,** :  :  Plaintiff, : : v. : : **WALMART, INC f/k/a WAL-MART STORES, INC.** : : : : Defendant. : | Case No. 1:26-CV-00059  Judge: |

COMES NOW the Plaintiff, **Miguel Roberto Hetzer** (hereafter referred to as "Plaintiff"), by and through his undersigned counsel **Johnson Becker, PLLC and Hertzfeld, Suetholz, Gastel, Leniski and Wall, PLLC,** and alleges the following:

## NATURE OF THE CASE

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by a Farberware 7-in-1 programmable pressure cooker (hereafter generally referred to as "pressure cooker(s)") exclusively sold and distributed by. Specifically, the subject programmable pressure cooker is a sublicensed product owned by Defendant Walmart, which Walmart holds out as its own:

1



*Identification plate of Plaintiff's pressure cooker.*

2. On or about January 28, 2024, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

3. Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like him.

4. Specifically, said defects manifest themselves when the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case removed the lid while, unbeknownst to him, the pressure cooker still retained pressure, causing him serious and substantial bodily injuries and damages.

5. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

### **PLAINTIFF MIGUEL ROBERTO HETZER**

6. Plaintiff is a resident and citizen of the city of Columbus, County of Franklin, State of Ohio, and remains domiciled in the same. Plaintiff is therefore a resident and citizen of Ohio for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

7. On or about January 28, 2024, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cookers supposed "safety measures," which purport to

keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

### **DEFENDANT WALMART, INC f/k/a WAL-MART STORES, INC.,**

8. Defendant Walmart designs, markets, imports, distributes and sells a variety of consumer products, including the subject pressure cooker in this case.

9. Walmart is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Delaware with its headquarters and principal place of business located in Arkansas. Walmart does business in all 50 states. Walmart is therefore deemed to be a resident and citizen of both the State of Delaware and the State of Arkansas for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

10. At all times relevant, Defendant Walmart substantially participated in the design, manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

### **JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

13. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Ohio and intentionally availed itself of the markets within Ohio through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

14. Walmart is in engaged in the business of designing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in the litigation.

15. Walmart warrants, markets, advertises and sells its Farberware pressure cookers as a means "to take the guesswork out of the most common cooking tasks."

16. It further boasts that their pressure cookers have a "large locking lid to prevents [sic] the cooker from opening while pressurized,"[1] which purports to keep the user safe while cooking.

17. For example, according to the Owner's Manual accompanying the individual unit sold, the pressure cookers are equipped with "important safeguards" that prevent the lid from unlocking until "the float valve drops down by itself."[2]

---

[1] *Id.*
[2] Attached hereto as "Exhibit A" and incorporated by reference is the "Farberware 7-in-1 programmable pressure cooker" Owner's Manual. *See, e.g.* pgs. 3, 11.

18. By reason of the forgoing acts or omissions, the above-named Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

19. Plaintiff used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant.

20. However, the aforementioned pressure cooker was defectively and negligently designed in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff and similar consumers in danger while using the pressure cookers.

21. The pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

22. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

23. As a direct and proximate result of Defendant's conduct, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

24. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's pressure cooker as described above, which has caused the

Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CAUSES OF ACTION

### CAUSES OF ACTION I – IV
### DEFECTIVE MANUFACTURING/CONSTRUCTION
### DEFECTIVE DESIGN/FORMULATION
### DEFECTIVE WARNING/INSTRUCTION
### DEFECTIVE DUE TO NONCONFORMITY WITH REPRESENTATION
### STRICT LIABILITY
### Pursuant to RC § 2307.71 *et seq.*

25. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

26. At the time of Plaintiff's injuries, Defendant's pressure cookers, including the subject pressure cooker, were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

27. The subject pressure cooker was in the same or substantially similar condition as when it left the possession of the Defendants.

28. Plaintiff did not misuse or materially alter the subject pressure cooker.

29. The subject pressure cooker did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

30. Defendant knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market its pressure cookers to the general public.

7

31. The Plaintiff in this case reasonably relied on Defendant's representations that its pressure cookers, including the subject pressure cooker, were a safe and effective means of preparing meals.

32. Defendant's pressure cookers are defective in design or formulation. R.C. 2307.75.

33. Defendant's pressure cookers are defective due to inadequate warning or instruction. R.C. 2307.76.

34. Defendant's pressure cooker is defective for failing to conform to a representation made by the manufacturer. R.C. 2307.77.

35. Defendant is liable as a supplier. R.C. 2307.78.

36. The defective condition of the subject pressure cooker includes, *inter alia,* the following:

   a. The subject pressure cooker designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendant failed to use due care in designing and manufacturing the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker to avoid the aforementioned risks to individuals;

 e. Defendant failed to warn and place adequate warnings and instructions on the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker;

 f. Defendant failed to adequately test the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker;

 g. Upon information and belief, Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages; and

 h. Upon information and belief, Defendant also failed to disclose material facts regarding the safety and efficacy of the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker, including information regarding their propensity to cause personal injuries.

37. Defendant's pressure cookers were defective in that at the time the subject pressure cooker left the control of Defendant, the foreseeable risks associated with its design or formulation exceeded the benefits associated with that design or formulation.

38. The subject pressure cooker did not conform to the standards of similar or identical pressure cookers due to its propensity for the lid to be removed while the unit remains under pressure

39. The propensity for the lid to be removed while the unit remains under pressure during its normal, foreseeable use, was not an open and obvious risk.

40. The subject pressure cooker was in an unsafe, defective, and inherently dangerous condition which was unreasonably dangerous to its users and, in particular, Plaintiff.

9

41. The Defendant in this case had a duty to provide Plaintiff and other consumers with true and accurate information and warnings of any known dangers of the pressure cookers it marketed, distributed and sold.

42. The Defendant in this case knew or should have known, based on prior experience that its representations regarding its pressure cookers were false, and that it had a duty to disclose the dangers associated with their pressure cookers.

43. As a direct and proximate result of Defendants' defective pressure cooker, the Plaintiff in this case suffered significant, painful and permanent bodily injuries, physical pain, mental anguish, medical expenses, and overall diminished enjoyment of life. The Defendant in this case is liable for these losses.

## CAUSE OF ACTION V
## NEGLIGENCE

44. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

45. Defendant owed a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff.

46. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers, including the subject pressure cooker, created a high risk of unreasonable harm to the Plaintiff and consumers alike due to their propensity for the lid to be removed while the unit remains under pressure.

47. The Defendant in this case was negligent in the design, manufacture, advertising, warning, marketing, and sale of their pressure cookers, including the subject pressure cooker in that, *inter alia*, it:

   a. Failed to properly market, design, manufacture, distribute, supply, and sell the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker, despite having extensive knowledge that the aforementioned injuries could and did occur;

   b. Failed to warn and place adequate warnings and instructions on the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker;

   c. Failed to adequately test the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker;

   d. Failed to use due care in designing and manufacturing the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker to avoid the aforementioned risks to individuals;

   e. Placed an unsafe product into the stream of commerce;

   f. Was otherwise careless or negligent.

48. As a direct and proximate result of Defendant's negligence, the Plaintiff in this case suffered significant, painful and permanent bodily injuries, physical pain, mental anguish, medical expenses, and overall diminished enjoyment of life. The Defendant in this case is liable for these losses.

## CAUSE OF ACTION VI
## BREACH OF IMPLIED WARRANTIES

49. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

50. Defendant manufactured, supplied, and sold its pressure cookers, including the subject pressure cooker, with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely preparing meals.

51. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of these warranties.

52. Defendant's pressure cookers, including the subject pressure cooker, were not fit for the particular purpose as a safe means of cooking meals, due to the unreasonable risks of bodily injury associated with their use.

53. Furthermore, Defendants' pressure cookers, including the subject pressure cooker, were not merchantable and fit for their ordinary purpose, because they have the propensity for the lid to be removed while the unit remains under pressure.

54. The Plaintiff in this case reasonably relied on Defendants' representations that its pressure cookers, including the subject pressure cooker, were fit for the particular purpose of cooking quickly, efficiently, and safely.

55. Additionally, Plaintiff used the subject pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking quickly, efficiently and safely.

56. As a direct and proximate result of Defendants' breach of the aforementioned warranties, the Plaintiff in this case suffered significant, painful and permanent bodily injuries, physical pain, mental anguish, medical expenses and

overall diminished enjoyment of life. The Defendant in this case is liable for these loses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, to which he is entitled by law, as well as all costs of this action, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for his injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cookers;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case; and

e. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

                                                **HERTZFELD, SUETHOLZ, GASTEL, LENISKI AND WALL, PLLC**

Dated: January 21, 2026                  */s/ Alyson Steele Beridon*
                                                Trial Attorney
                                                Alyson Steele Beridon (Bar #87496)
                                                600 Vine Street, Suite 2720
                                                Cincinnati, OH 45202
                                                Ph: 513-381-2224
                                                Fax: 615-994-8625

alyson@hsglawgroup.com

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.
Admission *Pro Hac Vice* to be filed
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
(612) 436-1801 (fax)
akress@johnsonbecker.com

***Attorneys for Plaintiff***